STATE OF MAINE

Sagadahoc, ss.

FIA CARD SERVICES, N.A.

Plaintiff

v.

CAMILLE M. CYR

Defendant

DISTRICT COURT

Location: West Bath
0/3/2012

Docket No. WESDC-CV-11-299, -300
(consolidated for trial)

## DECISION AND JUDGMENT

These civil cases came before the court for trial July 26, 2012. Plaintiff FIA Card Services, N.A. appeared through counsel, and Defendant Camille M. Cyr appeared *pro se*. Because the two cases involve the same parties and similar issues, the cases were consolidated for trial.

Before the commencement of testimony, Defendant Cyr raised a number of issues, which were addressed as follows:

- Mr. Cyr claimed that he wished to have a trial by jury. The court explained that there had been the opportunity to obtain a jury trial, but that the deadline for doing so had long since expired.

- Mr. Cyr made reference to what he characterized as improper conduct by Plaintiff's attorneys in their capacity as "debt collectors." He said that they persisted in communicating with him and sending him mail despite his demand that they cease. Plaintiff's counsel responded by noting that they were not "debt collectors" for purposes of their involvement in this case, and that Mr. Cyr's issue had been resolved against him previously in these cases and also by the

1

Board of Overseers of the Bar. The court noted that Plaintiff's counsel were required to send Mr. Cyr copies of anything filed with the court.

The Defendant's objections to the trial commencing were overruled. Plaintiff presented the testimony of Pamela Ritter, one of its employees, and Defendant testified on his own behalf. The court admitted several exhibits into the record.

Based on the sworn testimony and exhibits at trial, and the entire record, the court adopts the following findings of fact and conclusions of law and renders judgment for the Plaintiff in both cases. All findings are based on a preponderance of the evidence.

1.     Plaintiff FIA Card Services, N.A. is an issuer and administrator of credit cards and the revolving lines of credit associated with the cards. Plaintiff is a subsidiary of the Bank of America, and is the successor-in-interest to MBNA America Bank, N.A. (MBNA). By virtue of being successor-in-interest to MBNA, Plaintiff is the creditor on one of the two credit card accounts involving the Defendant. Plaintiff is also successor-in-interest to Bank of America, N.A. (USA), the original issuer of the other credit card issued to Defendant.

2.     Defendant Camille M. Cyr is a resident of Brunswick, Cumberland County, Maine. Jurisdiction and venue are proper in the West Bath District Court.

3.     In 1998, MBNA issued an Aircraft Owners and Pilots Association (AOPA) credit card to Defendant Camille Cyr and established a revolving line of credit under which Mr. Cyr agreed to pay for the charges made on that card. The complaint in the action docketed as WESDC-CV-11-299 asserts Plaintiff's claim for the balance due on that card.

4. In 2003, Bank of America, N.A. (USA) issued a Bank of America Platinum Visa credit card to Defendant Camille Cyr, and established a revolving line of credit under which Mr. Cyr agreed to pay for the charges made on that card. The complaint in the action docketed as WESDC-CV-11-300 asserts Plaintiff's claim for the balance due on that card.

5. As noted above, the Plaintiff FIA Card Services, N.A. is the successor-in-interest to the original issuers of credit. There have been no assignments of the debt associated with either credit card account.

6. For a period of years, the Defendant made regular payments on both credit card accounts. However. he stopped making payment in October 2009, and has paid nothing toward the balance due on either account since then.

7. The undisputed evidence is that there is an unpaid balance of $31,674.01 on the AOPA credit card account at issue in the action captioned WESDC-CV-11-299.

8. Likewise, the undisputed evidence is that there is an unpaid balance of $21,069.23 on the Bank of America Platinum Visa credit card account at issue in the action captioned WESDC-CV-11-300.

9. Defendant does not dispute any of the foregoing—instead, he asserts that he should not be expected to pay the balance on either credit card account, because Bank of America terminated a home equity line of credit that the Defendant had used, and counted on being able to continue using, to keep up payments on the two credit cards. He also claimed that when he tried to get information from, and convey information to, representatives of the Plaintiff and/or Bank of America, he could not get anyone to speak with him about his concerns.

3

10. Plaintiff FIA Card Services, N.A. has proved that Defendant is liable to it for the amounts stated above on the two credit card accounts. Defendant's evidence does not diminish or affect his liability. Even though Plaintiff is a subsidiary of Bank of America, the termination of the home equity line is a separate issue from Defendant's liability on these accounts. The Defendant did not establish either that any such termination of the home equity line was wrongful, or that, even if there was a wrongful termination, that it offsets or otherwise affects his obligation to pay what is due on the two credit card accounts at issue in these cases.

11. For this reason, the undisputed evidence indicates that the Defendant owes Plaintiff the amounts claimed on the two credit card accounts. As the prevailing party, Plaintiff is entitled to its costs as shown in the bill of costs submitted in each case.

IT IS HEREBY ORDERED AND ADJUDGED AS FOLLOWS:

1. In the action captioned WESDC-CV-11-299, Plaintiff FIA Card Services, N.A. is hereby granted judgment against Defendant Camille M. Cyr in the amount of $31,674.01, plus post-judgment interest as allowed by law, and costs of $395.15.

2. In the action captioned WESDC-CV-11-300, Plaintiff FIA Card Services, N.A. is hereby granted judgment against Defendant Camille M. Cyr in the amount of $21,069.23 plus post-judgment interest as allowed by law, and costs of $395.16.

Pursuant to M.R. Civ. P. 79(a), the Clerk is hereby directed to incorporate this Order by reference in the docket.

Dated August 3, 2012

A. M. Horton
Justice, Superior Court
sitting by designation

4

.... - PLAINTIFF

Attorney for: FIA CARD SERVICES, N.A.
SUSAN SZWED  - RETAINED
SUSAN J SZWED PA
PMB 815
PO BOX 9715
PORTLAND ME 04104-5015

Kate Conku, Esq

vs

CAMILLE M CYR  - DEFENDANT
7 ALGONQUIN LANE
BRUNSWICK ME 04011

Filing Document: COMPLAINT
Filing Date: 09/28/2011

DISTRICT COURT
WEST BATH
Docket No   WESDC-CV-2011-00299

"    "    300

**DOCKET RECORD**

8/3/2017

Minor Case Type: CONTRACT